■     STANDARD INDUSTRIES, INC., et al., Appellants, v. LOUIS STERNBACH et al., Individually and as Trustees of JAKOB MICHAEL, Respondents.— Order, Supreme Court, New York County, entered on June 28, 1974, denying plaintiffs' motion for a preliminary injunction, unanimously reversed, on the law and in the exercise of discretion, and the motion granted. Appellants shall recover of respondents $40 costs and disbursements of this appeal. It is clear that the option agreements, upon which defendants rely, were both drawn after the date of the loan agreement between Fidelity Bank of Philadelphia and plaintiff, New England Industries, Inc. Plaintiff, Standard Industries, Inc., was a guarantor of the Fidelity loan. The options were subject to loan agreements executed by Standard, which included the Fidelity loan agreement. That loan agreement prohibits sales of specific amounts of plaintiffs' assets without the prior written consent of Fidelity. Such written consent was not to be unreasonably withheld. The record shows that, in April, 1974, the defendants purported to exercise the options by paying for the acquisition of the stock in question by offsetting Standard's debts to the trust. It was demonstrated that Standard asked Fidelity to consent, but that the latter refused. Nevertheless, defendants have installed competing directors and officers of subsidiaries of Standard, thus confusing the situation and causing many practical problems in the proper management of the affairs of same. An early trial appears to be warranted and, accordingly, a preference should be granted, if same is requested by any party to this action. Settle order on notice, at which time all parties may suggest the amount of the bond to be provided herein. Concur — Nunez, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.