■ VILLAGE RATHSKELLER, INC., Appellant, v 160 BLEECKER STREET CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered August 2, 1975, denying plaintiff's motion for an injunction *pendente lite* enjoining defendant landlord's employee from entering plaintiff's premises, and to restore plaintiff's premises to their pre-May 27, 1975 condition, and which directed an early trial, unanimously modified, on the law and in the exercise of discretion, and the motion for an injunction enjoining entry into plaintiff's premises granted, without costs and without disbursements, and otherwise affirmed. Plaintiff is a tenant on a long-term lease of that portion of a building operated as a theatre under the name of Village Gate. Defendant recently purchased the building and wants to renovate that portion not leased by the tenant for the purpose of modern housing. The lease provides that the landlord may enter during reasonable business hours to make repairs and improvements, but only in such manner as will not injure or harm the tenant's business. The parties entered into a letter agreement pursuant to which the tenant allowed digging and filling of

concrete footing. However, it specifically provided that it did not constitute authority for further work on the leased premises without consent in writing by the tenant. The landlord has taken further action and threatens further action which has and can interfere with the tenant's premises and business. Under the circumstances, in order to maintain the *status quo,* a preliminary injunction is warranted, and the provision of the order at Special Term for an early trial to determine the respective rights of the parties is a sound direction. *(Standard Ind. v Sternbach,* 46 AD2d 621; see *Firm Amusement Corp. v Metro-Goldwyn-Mayer,* 65 Misc 2d 25, 28.) Concur —Stevens, P. J., Kupferman, Murphy, Lupiano and Tilzer, JJ.